

# Service of Process Transmittal

03/26/2018
CT Log Number 533036316

| | |
|---|---|
| **TO:** | Lynn Cravey<br>Fidelity National Information Services, Inc.<br>11601 Roosevelt Blvd N<br>Saint Petersburg, FL 33716-2202 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | Fidelity Information Services, LLC  (Domestic State: AR) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MILLINGTON BANK, Pltf. vs. FIDELITY INFORMATION SERVICES, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Morris County Superior Court - Law Division, NJ<br>Case # MRSL00053018 |
| **NATURE OF ACTION:** | Millington Bank seeks entry of Judgment against FIS |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/26/2018 at 23:50 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days after receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Peter R. Bray<br>BRAY & BRAY, LLC<br>100 Misty Lane/Ivy Corporate Park<br>Parsippany, NJ 07054-2710<br>973-739-9600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/28/2018, Expected Purge Date: 04/02/2018<br><br>Image SOP<br><br>Email Notification,  Crystal Warren  Crystal.Warren@FISGlobal.com<br><br>Email Notification,  Andrew Donnellan  andrew.donnellan@fisglobal.com<br><br>Email Notification,  Kathy Hause  Kathy.Hause@FISGlobal.com<br><br>Email Notification,  Lynn Cravey  Lynn.Cravey@FISGlobal.com<br><br>Email Notification,  Debbie Segers  Debbie.Segers@fisglobal.com<br><br>Email Notification,  Kelly Self  Kelly.Self@FISGlobal.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor |

Page 1 of  2 / CJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Service of Process Transmittal
03/26/2018
CT Log Number 533036316

|   |   |
|---|---|
| **TO:** | Lynn Cravey<br>Fidelity National Information Services, Inc.<br>11601 Roosevelt Blvd N<br>Saint Petersburg, FL 33716-2202 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | Fidelity Information Services, LLC  (Domestic State: AR) |
| **TELEPHONE:** | West Trenton, NJ 08628<br>609-538-1818 |

Page 2 of  2 / CJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Peter R. Bray, Esq. ID NO. 002051973
BRAY & BRAY, LLC
100 Misty Lane/Ivy Corporate Park
Parsippany, New Jersey 07054-2710
Telephone No.: 973-739-9600
Attorneys for Plaintiff

3-26-18
K-A.

| MILLINGTON BANK, Plaintiff, v. FIDELITY INFORMATION SERVICES, LLC, Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION : MORRIS COUNTY DOCKET NO. MRS-L-000530-18 Civil Action SUMMONS |
|---|---|

From the State of New Jersey
To the Defendant(s) Named Above:   **FIDELITY INFORMATION SERVICES, LLC**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer of the State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk, Superior Court

Dated: March 22, 2018

Name of Defendant to Be Served:
Address of Defendant to Be Served:   ✓Fidelity Information Services, LLC
c/o The Corporation Trust Company, Reg. Agent
820 Bear Tavern Road, W. Trenton, NJ 08628

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN          NJ 07960
                                           TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   MARCH 20, 2018
                        RE:     MILLINGTON BANK   VS FIDELITY INFORMATION  SERVIC
                        DOCKET: MRS L -000530 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LOUIS S. SCEUSI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4106.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: PETER R. BRAY
                                    BRAY & BRAY LLC
                                    IVY CORPORATE PARK
                                    100 MISTY LN
                                    PARSIPPANY        NJ 07054

ECOURTS
```

Peter R. Bray, Esq. ID NO. 002051973
BRAY & BRAY, LLC
100 Misty Lane/Ivy Corporate Park
Parsippany, New Jersey 07054-2710
Telephone No.: 973-739-9600
Attorneys for Plaintiff

| | |
|---|---|
| MILLINGTON BANK,<br>         Plaintiff,<br>v.<br>FIDELITY INFORMATION SERVICES, LLC,<br>         Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : MORRIS COUNTY<br>DOCKET NO.<br><br>Civil Action<br><br>COMPLAINT |

Plaintiff, by way of Complaint against the Defendant, says:

**Identification of the Parties.**

1. Plaintiff ("Millington Bank") is a New Jersey Savings Bank, with its principal offices at 1902 Long Hill Road, Township of Long Hill, County of Morris, and State of New Jersey.

2. Defendant ("FIS") is an Arkansas Limited Liability Company with its principal offices at 601 Riverview Avenue, Jacksonville, Florida.

**Background.**

3. Millington Bank is a community-based financial institution with four (4) branches located in Morris and Somerset Counties.

4. As a smaller financial institution, Millington Bank does not have the capacity nor resources necessary to establish, and to operate, a framework for all of the record-keeping and functions it undertakes as a modern bank.

5. FIS nationally supplies information technology and assistance, including software, necessary for the operations of banks, particularly smaller and mid-sized banks.

6. In and about 2010, FIS submitted proposals to Millington Bank to provide it with Information Technology Services for its checking account functions, which include the clearing of

checks, imaging of checks, statement rendering, and related services. (At the time, the core functions were supplied by another vendor.)

7. Among other things, FIS convinced Millington Bank that the checking account services, software, and products it could, and would, provide were superior and less expensive than those supplied by other vendors, and would fulfill all of Millington Bank's operational needs for checking account functions.

8. As a result of and in reliance upon the foregoing, Millington Bank agreed to accept FIS' proposal, and acquire its services and products for the checking account functions at stated fees and costs.

9. On or about May 1, 2010, Millington and FIS, who was then known as Fidelity Information Systems, Inc., executed an Information Technology Services Agreement dated May 1, 2010, which was a pre-printed form submitted by FIS. ("The Original Agreement")

10. The Original Agreement had a term of five (5) years, and established the goods and services to be provided as well as the costs and fees. As set forth above, such services were limited to the checking account functions.

11. During the period from May, 2010 through May, 2015, the parties performed their respective obligations under The Original Agreement without incident.

12. In and during the period preceding September 30, 2015, FIS submitted proposals to provide Millington Bank with all information services requisite to its operations, which would continue the checking account functions and provide all of the core services then being provided by another vendor and Millington's staff.

13. FIS presented Millington Bank with a so-called "Amended Agreement "to establish the services and prices for the services. The Amended Agreement is a pre-printed form.

14. The Amended Agreement was executed on or about October 8, 2015, and was effective as of May 16, 2016.

15. The Amended Agreement terms, as set forth on the pre-printed forms, were essentially presented on a "take-it-or-leave-it basis."

16. It is unclear whether the Amended Agreement is actually a compendium of independent forms and not a single integrated Agreement.

17. Upon information and belief, the pre-printed forms that FIS submitted to Millington are documents that FIS requires be signed by every bank with whom it conducts business. (The source of such information is the justification provided by FIS for refusing to entertain changes to any of the pre-printed terms.)

**Cause of Action.**

18. Subsequent to September, 2015 and the execution of The Amended Agreement, Millington Bank became aware that FIS was stridently enforcing a liquidated damage term of its Information Services Agreements, when there is a merger or acquisition that precipitates an early termination of FIS or diminution of services.

19. Millington Bank then reviewed the forms that had been submitted by FIS, and ascertained that one or more of those forms contained a liquidated damage provision. ("The Liquidated Damages Provisions")

20. Millington does not admit nor concede that The Liquidated Damages Provisions are a binding and enforceable element of The Amended Agreement, nor, if they are, that same are applicable to the whole range of services being provided to Millington.

21. The Liquidated Damages Provisions – if applicable and enforceable – are unconscionable, unfair, over-reaching, unreasonable, exact a penalty, violate the public policy, and are accordingly unenforceable.

22. Millington Bank has brought the unfairness and unenforceability of The Liquidated Damages Provisions to the attention of FIS, and demanded that same be eliminated or replaced with a fair, reasonable, and enforceable provision.

23. FIS has rejected Millington Bank's said demands, and asserted that FIS fully intends to enforce The Liquidated Damages Provision if and when there is a merger or acquisition.

24. A justiciable controversy accordingly exists concerning the applicability legality, and the enforceability of The Liquidated Damages Provisions.

25. It is impractical to wait to secure an adjudication of this controversy until Millington Bank is involved in a triggering merger or acquisition, which would trigger The Liquidated Damages Provision.

26. Upon information and belief, one of the techniques deployed by FIS to coerce a customer bank into paying the liquidated damages – despite a dispute as to their legitimacy – is a tacit or explicit threat to withhold the decommissioning, conversion, and integration of data required by the merger or acquisition unless the customer bank commits to making the liquidated damages payment(s) and then makes the payment(s) upon the consummation of the merger or acquisition.

27. Under these circumstances, Millington Bank is entitled to, and seeks, a declaration of rights pursuant to N.J.S.A. 2A:16-50, *et seq.*, determining The Liquidated Damages Provisions to be inapplicable, illegal, unenforceable, unconscionable, and void.

WHEREFORE, Millington Bank seeks entry of judgment against FIS for the following relief:

(a) A declaratory judgment determining The Liquidated Damages Provision to be inapplicable, illegal, unenforceable, unconscionable, and void.

(b)     Costs of suit.

(c)     Such other relief as is just and equitable.

                                                 BRAY & BRAY, LLC
                                                Attorneys for Plaintiff

                                                By: /s/ PETER R. BRAY
                                                          PETER R. BRAY

Dated: March 20, 2018

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I certify that this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. Further, no other action or arbitration is contemplated, and no other party should be joined in this action.

[Defendant contends this matter is subject to arbitration; however, Plaintiff disagrees.]

                                                BRAY & BRAY, LLC
                                                Attorneys for Plaintiff

                                                By: /s/ PETER R. BRAY
                                                          PETER R. BRAY

Dated: March 20, 2018

## DESIGNATION OF TRIAL ATTORNEY

Peter R. Bray, Esq. is hereby designated as trial counsel on behalf of Plaintiff.

                                                BRAY & BRAY, LLC
                                                Attorneys for Plaintiff

                                                By: /s/ PETER R. BRAY
                                                          PETER R. BRAY

Dated: March 20, 2018